1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| 10 MICHAEL HIGHT and MICHAEL AUGUSTINE, on behalf of themselves and all others similarly situated,<br>11<br>12                    Plaintiffs,<br>13        v.<br>14 IKO MANUFACTURING, INC., a Delaware corporation; IKO INDUSTRIES, LTD., a Canadian corporation; IKO SALES, LTD., a Canadian corporation; IKO PACIFIC, INC., a Washington corporation; and IKO CHICAGO, INC., an Illinois corporation,<br>17<br>18                    Defendants. | NO.<br><br>COMPLAINT – CLASS ACTION FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION<br><br>**JURY DEMAND** |

## I.  INTRODUCTION

1.1     Plaintiffs, Michael Hight and Michael Augustine (hereinafter Plaintiffs), bring this action on their behalf and on behalf of all similarly situated individuals and entities who own or owned homes, residences, buildings or other structures on which asphalt roofing shingles manufactured and distributed under various trade names by IKO Manufacturing, Inc., IKO Industries, Ltd., IKO Sales, Ltd., IKO Pacific, Inc., or IKO Chicago, Inc. (collectively "IKO" or "Defendant") were installed (the "Class").

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682-5600 • FAX 206.682=2992

1.2     The asphalt shingles manufactured and sold by IKO (the "Shingles"), are defectively designed and manufactured such that they fail prematurely causing damage to the property of Plaintiffs and members of the Class and forcing them to repair or replace their roofs sooner than reasonably expected.

1.3     Plaintiffs seek to recover, for themselves and the Class, the costs of repairing the damage to their property and replacing their roofs, or injunctive relief forcing IKO to replace their defective roofs.

## II. PARTIES

**A.     Plaintiffs**

2.1     Plaintiff Michael Hight is a citizen of Bluffton, Ohio with an address of 107 Matterhorn Drive, Bluffton, Ohio, 45817.  Mr. Hight purchased a new home outfitted with IKO Shingles in approximately 1998.  He first became aware of the problem with his shingles in approximately 2009 when he noticed his shingles cracking and otherwise failing.  He had no reasonable way to discover the Shingles were defective until shortly before filing this Complaint. Hight complained to IKO but IKO refused to provide him any relief.

2.2     Plaintiff Michael Augustine is a citizen of Johnson City, New York with an address of 44 Louise Street, Johnson City, NY 13780.  Mr. Augustine purchased IKO Shingles in approximately 1996.  He first became aware of the problem with his shingles in approximately 2008 when he notice many of the shingles had curled or buckled and in some places all the aggregate was completely gone. A roofing contractor advised Augustine the roof was worn out in its entirety.  Augustine had no reasonable way to discover that the Shingles were defective until shortly before filing this Complaint. Augustine complained to IKO but IKO refused to provide him complete relief.

COMPLAINT – CLASS ACTION FOR DAMAGES,
INJUNCTIVE RELIEF AND RESTITUTION - 2
0099/002/227499.2

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682-5600 • FAX 206.682=2992

**B.     Defendants**

2.3     Defendant IKO Manufacturing, Inc. is a Delaware corporation with significant business operations in Sumas, Whatcom County, Washington, where it conducts business as IKO Pacific, Inc.

2.4     Defendant IKO Industries, Ltd. is a leading North American manufacturer and distributor of roofing materials and the parent company of Defendant IKO Manufacturing. IKO Industries, Ltd. is the owner of several patents that may apply to the Shingles manufactured by IKO Manufacturing. The company operates manufacturing plants in the United States, Canada, and Europe.

2.5     Defendant IKO Sales, Ltd. is a leading North American manufacturer and distributor of roofing materials and the parent company of Defendants IKO Manufacturing and IKO Industries, Ltd. The company owns and operates manufacturing plants in the United States, Canada, and Europe.

2.6     Defendant IKO Pacific, Inc. is a Washington corporation with significant business operations located in Sumas, Washington. IKO Pacific, Inc. manufactures, distributes, and sells Shingles throughout the United States, including Washington State.

2.7     Defendant IKO Chicago, Inc. is an Illinois corporation with significant business operations located in Kankakee, Illinois. IKO Chicago, Inc. manufactures, distributes, and sells Shingles throughout the United States, including Washington State.

### III.  JURISDICTION AND VENUE

3.1     This is a proposed nationwide class action. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(d) because the vast majority of class members are citizens of a state different from the home state of Defendant, and, on information and belief, the aggregate claims of individual class members exceed $5,000,000, exclusive of interest and costs.

3.2     Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) and (c) because IKO has a manufacturing facility in Whatcom County Washington, IKO has established sufficient contacts through its marketing and selling the Shingles in this district to subject it to

COMPLAINT – CLASS ACTION FOR DAMAGES,
INJUNCTIVE RELIEF AND RESTITUTION - 3
0099/002/227499.2

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682-5600 • FAX 206.682=2992

1  personal jurisdiction in this district and a substantial part of the events or omissions giving rise
2  to these claims occurred in this district.

3  ### IV.  APPLICABLE LAW

4      4.1      Plaintiffs bring this action under Washington law and the similar consumer
5  protection laws of the forty-nine other states and the District of Columbia.

6      4.2      No enforceable choice-of-law agreement governs here or compels the
7  application of different states' laws.

8      4.3      The proposed class includes individuals and entities who own IKO Shingles and
9  who reside in states that, on information and belief, comprise a significant percentage of IKO's
10  sales nationwide.  A common nucleus of factual and legal issues dominates this litigation.
11  Although some Class members may possess slightly differing remedies based on state statutory
12  or common law, the claims asserted by the Plaintiff are predicated on the same core facts and
13  legal claims with substantially the same relevant elements.  To the extent distinct remedies may
14  exist, they are local variants of a generally homogenous collection of causes which include
15  actionable misrepresentation, unjust enrichment, and breach of express warranty.

16      4.4      Washington has the most significant relationship with the parties and to the
17  events and occurrences that form the basis of the litigation.  IKO manufactures its product in
18  Washington and distributes its product in Washington.  On information and belief, thousands of
19  Washington residents have purchased and own IKO Shingles that have experienced or will
20  experience the Defects.

21      4.5      Washington's interest in this action, which seeks to protect the rights and
22  interests of Washington and other U.S. residents doing business in Washington, is greater than
23  any other state.

24      4.6      Application of Washington law is neither arbitrary nor fundamentally unfair,
25  because Washington has significant contacts and a significant aggregation of contacts that
26  create a state interest in this litigation.

27

COMPLAINT – CLASS ACTION FOR DAMAGES,
INJUNCTIVE RELIEF AND RESTITUTION - 4
0099/002/227499.2

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682-5600 • FAX 206.682=2992

## V.  FACTUAL ALLEGATIONS

5.1     IKO designs and manufactures asphalt roofing shingles.  One of its major manufacturing facilities is located in Sumas, Washington.

5.2     IKO markets and sells the Shingles to tens of thousands of consumers throughout the United States under various brands and product names.

5.3     IKO markets and warrants all the Shingles, which are composed of asphalt, natural fibers, filler and mineral granules as durable, and as offering long-lasting protection for a specified life ranging from 25 to 50 years, or in some cases, for a lifetime.

5.4     IKO's sales brochures state the Shingles are, among other things, "[t]ime-tested and true" and "an excellent choice for exceptional roofing value."

5.5     It describes its warranty as "IRON CLAD" and claims it is "Setting the Standard" for "quality, durability, and innovation."

5.6     But IKO's Shingles have not lived up to that promise.

5.7     All of IKO's Shingles are uniformly defective such that Plaintiffs' and Class members' Shingles are failing before the time periods advertised, marketed, and guaranteed by IKO.

5.8     IKO did not adequately design, formulate, and test its Shingles before warranting, advertising, and selling them as durable and suitable for use as an exterior roofing product.

5.9     IKO knew or reasonably should have known the Shingles are defective as manufactured such that they fail prematurely due to moisture invasion.  The Shingles crack, curl, blister deteriorate, blowing off roofs and otherwise do not perform in accordance with the reasonable expectations of consumers that such products be durable and suitable for use as a roofing products.

5.10    As a result of these failures, Plaintiffs and the Class have suffered actual damages in that the shingles on their homes, buildings, and other structures have and will

continue to fail prematurely, resulting in damage to the underlying roof and housing structure and requiring them to expend thousands of dollars to repair the damage associated with the incorporation of the Shingles into their homes, buildings, and other structures, and to prevent such damage from continuing.

5.11    Damage caused by the defective Shingles has included, but is not limited to: damage to underlying felt, damage to structural roof components, damage to plaster and sheetrock, and damage to walls, ceiling, and structural components.

5.12    Despite receiving a litany of complaints from consumers, such as Plaintiffs and other members of the Class, IKO has refused to convey effective notice to consumers about the defects, and refused to repair defective roofs fully or repair the property damaged by the premature failure of its product.

5.13    Even if IKO responds to a compliant its warranty is woefully inadequate under these circumstances in that it limits Plaintiffs' and Class members' recovery to replacement costs of individual Shingles piece by piece and excludes costs of labor to replace to the Shingles.

5.14    Because of the relatively small size of the typical individual Class member's claims, and because most homeowners or property owners have only modest resources, it is unlikely that individual Class members could afford to seek recovery against IKO on their own. This is especially true in light of the sizes and resources of IKO.  A class action is, therefore, the only reasonable means by which Class members can obtain relief from IKO.

## VI.  TOLLING

6.1    Because the defects in the Shingles are latent and not detectable until manifestation, Plaintiffs and the Class members were not reasonably able to discover their Shingles were defective until after installation, despite their exercise of due diligence.

6.2     IKO knew the Shingles were defective prior to the time of sale, and concealed that material information from Plaintiff and all consumers.

COMPLAINT – CLASS ACTION FOR DAMAGES,
INJUNCTIVE RELIEF AND RESTITUTION - 6
0099/002/227499.2

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682-5600 • FAX 206.682=2992

1    6.3    As such, any applicable statutes of limitation have been tolled by IKO's

2  concealment of material facts and IKO is estopped from relying on any such statutes of

3  limitation.

4              **VII.  CLASS ACTION ALLEGATIONS**

5    7.1    This action is brought and may be maintained as a class action pursuant to

6  Federal Rule of Civil Procedure 23, and case law thereunder, on behalf of Plaintiffs and all

7  others similarly situated, with the Class defined as follows:

8
> All individuals and entities that have owned, own, or acquired
9  homes, residences, buildings or other structures physically
located in the United States, on which IKO Shingles are or have
10  been installed since 1979.  IKO Shingles are defined to include
without limitation all asphalt shingles manufactured or
11  distributed by Defendants. Excluded from the Class are
Defendant, any entity in which Defendant has a controlling
12  interest or which has a controlling interest of Defendant, and
Defendant's legal representatives, assigns and successors.  Also
13  excluded are the judge to whom this case is assigned and any
member of the judge's immediate family.

14    7.2    Plaintiffs reserve the right to re-define the Class prior to class certification.

15    7.3    While the precise number of Class members is unknown to Plaintiffs, on

16  information and belief, Plaintiffs believe the number is well in excess of 1,000 and the Class

17  could include thousands such that joinder is impracticable.  Disposition of these claims in

18  single class action will provide substantial benefits to all parties and the Court.

19    7.4    The claims of the representative Plaintiffs are typical of the claims of the Class

20  in that the representative Plaintiffs, and all Class members, own homes, residences, or other

21  structures on which defective Shingles manufactured by IKO have been installed.  Those

22  Shingles have failed, and will continue to fail, prematurely.  The representative Plaintiffs, like

23  all Class members, have been damaged by IKO's conduct in that they have incurred or will

24  incur the costs of repairing or replacing their roofs and repairing the additional property

25  damaged by the Shingles' premature failure.  Furthermore, the factual bases of IKO's conduct

26

27

COMPLAINT – CLASS ACTION FOR DAMAGES,
INJUNCTIVE RELIEF AND RESTITUTION - 7
0099/002/227499.2

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682-5600 • FAX 206.682=2992

1   is common to all Class members and represents a common thread of deliberate, fraudulent and

2   negligent misconduct resulting in injury to all members of the Class.

3        7.5      There are numerous questions of law and fact common to Plaintiffs and the

4   Class.  Those questions predominate over any questions that may affect individual Class

5   members, and include the following:

6             7.5.1    Whether IKO Shingles are defective in that they fail prematurely and are

7   not suitable for use as an exterior roofing product for the length of time advertised, marketed

8   and warranted;

9             7.5.2    Whether the Shingles are defectively designed or manufactured.

10            7.5.3    Whether IKO knew or should have known of the defective nature of the

11   Shingles;

12            7.5.4    Whether the Shingles failed to perform in accordance with the

13   reasonable expectations of ordinary consumers;

14            7.5.5    Whether the risks of the Shingle's failure outweigh the benefits, if any,

15   of its design;

16            7.5.6    Whether IKO properly warned consumers about the danger of premature

17   failure;

18            7.5.7    Whether the Shingles fail to perform as advertised and warranted;

19            7.5.8    Whether IKO's conduct in marketing and selling its Shingles was unfair

20   and deceptive.

21            7.5.9    Whether Plaintiffs and the Class are entitled to compensatory, exemplary

22   and statutory damages, and the amount of such damages; and

23            7.5.10  Whether IKO should be declared financially responsible for notifying all

24   Class members about their defective Shingles and for all damages associated with the

25   incorporation of such Shingles into Class members' homes, residences, buildings, and other

26   structures.

27

COMPLAINT – CLASS ACTION FOR DAMAGES,
INJUNCTIVE RELIEF AND RESTITUTION - 8
0099/002/227499.2

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682-5600 • FAX 206.682=2992

7.6     Plaintiffs will fairly and adequately protect the interests of the Class.  Plaintiffs have retained counsel with substantial experience in prosecuting statewide, multistate and national consumer class actions, actions involving defective products, and specifically, actions involving defective construction materials.  Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the Class they represent, and have the financial resources to do so.  Neither Plaintiffs nor their counsel have any interest adverse to those of the Class.

7.7     Plaintiffs and the members of the Class have suffered and will continue to suffer harm and damages as a result of IKO's conduct.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Absent a class action, the vast majority of the Class members likely would find the cost of litigating their claims to be prohibitive, and would have no effective remedy at law.  Because of the relatively small size of the individual Class member's claims, it is likely that only a few Class members could afford to seek legal redress for IKO's conduct.  Further, the cost of litigation could well equal or exceed any recovery.

7.8     Absent a class action, Class members will continue to incur damages without remedy.  Class treatment of common questions of law and fact would also be superior to multiple individual actions or piecemeal litigation, in that class treatment would conserve the resources of the courts and the litigants, and will promote consistency and efficiency of adjudication.

## VIII.  FIRST CLAIM FOR RELIEF
### (Actionable Misrepresentation)

8.1     Plaintiffs incorporate by reference each of the allegations contained in the proceeding paragraphs of this Complaint.

8.2     IKO knew or should have known that its Shingles were defectively designed and/or manufactured, would fail prematurely, were not suitable for their intended use, and otherwise were not as warranted and represented.

COMPLAINT – CLASS ACTION FOR DAMAGES,
INJUNCTIVE RELIEF AND RESTITUTION - 9
0099/002/227499.2

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682-5600 • FAX 206.682=2992

8.3     IKO fraudulently, negligently, or recklessly concealed from or failed to disclose to Plaintiffs and the Class the defective nature of its Shingles.

8.4     IKO had a duty to Plaintiffs and the Class to disclose the defective nature of its Shingles because: (1) IKO was in a superior position to know the true facts about the design and manufacturing defects in its Shingles because the design and manufacturing defects are latent and would not appear until well after installation; (2) IKO made partial disclosures about the quality of its Shingles without revealing their true defective nature; and (3) IKO actively concealed the defective nature of its Shingles from Plaintiffs and the Class.

8.5     The facts concealed or not disclosed by IKO to Plaintiffs and the Class are material facts in that a reasonable person would have considered those facts to be important in deciding whether or not to purchase IKO's Shingles.  Had Plaintiffs and the Class known the defective nature of IKO's Shingles, they would not have purchased them or would have paid less for them.

8.6     IKO intentionally, recklessly, or negligently concealed or failed to disclose the true nature of the design and manufacturing defects in its Shingles for the purpose of inducing Plaintiffs and the Class to act thereon, and Plaintiffs and the Class justifiably relied to their detriment upon the truth and completeness of IKO's representations about its Shingles.  This is evidenced by Plaintiffs' and Class members' purchase of IKO Shingles.

8.7     IKO continued to conceal the defective nature of its Shingles even after members of the Class began to report problems.  Indeed, IKO continues to cover up and conceal the true nature of the problem.

8.8     As a direct and proximate cause of IKO's misconduct, Plaintiffs and the Class have suffered actual damages in that (1) their roofs constructed with IKO Shingles have failed and will continue to fail prematurely, requiring them to expend money to repair or replace their roofs and  repair damage to their underlying property.

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682-5600 • FAX 206.682=2992

8.9     As a result of IKO's misconduct, Plaintiffs and the Class are entitled to compensatory damages, attorneys' fees, costs, and interest thereon.

## IX.  SECOND CLAIM FOR RELIEF
**(Violation of Washington's Products Liability Act, RCW 7.72 *et seq.*)**

9.1     Plaintiffs incorporate by reference, each of the allegations contained in the preceding paragraphs of this Complaint.

9.2     IKO is a product manufacturer and seller within the meaning of Washington's Products Liability Act (the "PLA").

9.3     The Shingles manufactured and sold by IKO are a product within the meaning of the PLA.

9.4     The Shingles were expected to and did reach Plaintiffs and the Class without substantial change to the condition in which they were manufactured and sold by IKO

9.5     The Shingles installed on Plaintiffs homes and the homes and structures of the Class, are not reasonably safe as designed in that the Shingles fail prematurely and are not suitable for use as a roofing product to the extent contemplated by an ordinary consumer.

9.6     At the time of manufacture, the risk that the Shingles would cause Plaintiffs and the Class harm, and the seriousness of those harms, was greater than IKO's cost to design and manufacture a product that would prevent those harms.  Alternative shingle designs, as well as other products, were available that would serve the same purpose as the Shingles for a comparable cost.

9.7     Both at the time of manufacture and after the Shingles were distributed and sold, the likelihood that the Shingles would cause Plaintiffs' harm or similar harms, and the seriousness of those harms, rendered the warnings and instructions of IKO inadequate.   IKO could have provided warnings and instructions that would have been adequate.

9.8     IKO expressly warranted that the Shingles would be free of manufacturing defects and perform for a specified life. This warranty related to material facts and was part of the basis of the bargain between IKO and Plaintiffs and the Class.  IKO breached these express

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682-5600 • FAX 206.682=2992

warranties by selling a product that was defectively designed and manufactured, would fail prematurely, was not suitable for use as a roofing product, and was otherwise not as warranted.

9.9     As a direct and proximate result of IKO's conduct Plaintiffs' and the Class own structures with roofs that prematurely fail causing damage to the underlayment of Plaintiffs' and Class members' homes and other structures and other property as well.

9.10     As a direct and proximate result of IKO's conduct Plaintiffs and the Class have suffered actual damages in that they have incurred and will continue to incur expenses to diagnose, repair and replace their roofs and to repair damage to underlying roof elements, structures or interiors.

9.11     As a result of IKO's violations of the PLA, Plaintiffs and the Class are entitled to compensatory damages, attorneys' fees, costs and interest thereon.

## X.  THIRD CLAIM FOR RELIEF
### (Breach of Express Warranty)

10.1     Plaintiffs incorporate by reference each of the allegations contained in the preceding paragraph of this Complaint.

10.2     IKO marketed the Shingles with the intent that the Shingles would be purchased by Plaintiffs and members of the Class.

10.3     IKO expressly warranted that all of its Shingles would provide superior strength, durability, and wind and weather resistance, and would be free of manufacturing defects such that they would last 20 to 50 years, and in some cases, as long as a lifetime.

10.4     IKO's express warranties related to material facts and were part of the basis of the bargain Plaintiffs and members of the Class entered into when they purchased the Shingles.

10.5     IKO systematically breached its express warranties, in that the Shingles are defective as manufactured such that they are not durable and are destined to fail prematurely. The Shingles crack, split, curl, warp, discolor, delaminate, blow off, deteriorate prematurely, and otherwise do not perform as warranted.

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682-5600 • FAX 206.682=2992

10.6    IKO has been on notice of its breach of express warranties though warranty claims previously made.

10.7    In addition, IKO has systematically denied or failed to pay in full the warranty claims.

10.8    As a direct result of the failure of the Shingles to perform as warranted, Plaintiffs and the Class have incurred and will continue to incur expenses to diagnose, repair and replace their roofs and to repair damage to underlying roof elements, structures or interiors.

10.9    Moreover, any contractual language contained in IKO's published warranties that attempts to disclaim express warranties or limit remedies is unconscionable, fails to conform to the requirements for limiting warranties on remedies under applicable law, causes the warranties to fail of their essential purpose, and is, thus, unconscionable and void.

## XI.  FOURTH CLAIM FOR RELIEF
### (Violation of Washington's Consumer Protection Act, RCW 19.86 *et seq.*)

11.1    Plaintiffs incorporate by reference each of the allegations contained in the preceding paragraphs of this Complaint.

11.2    IKO engaged in unfair or deceptive practices in violation of Washington's Consumer Protection Act Wash. Rev. Code § 19.86 *et seq.* (2008) (hereinafter, "CPA") when it (1) represented the Shingles were durable and free of defects when, at best, it lacked credible evidence to support  those claims, and, at worst, knew the Shingles would fail prematurely, were not suitable for use as an exterior roofing product, and otherwise were not as warranted and represented by IKO; (2) failed to disclose to, or concealed from, consumers material facts about the defective nature of the Shingles; (3) failed to disclose its own knowledge of the defective nature of the Shingles; and (4) limited its warranty obligations in an unfair and unconscionable way in light of its failure to disclose the defective nature of the Shingles.

11.3    IKO either knew or should have known its Shingles were defective, would fail prematurely and were not as warranted and represented by Defendants.

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682-5600 • FAX 206.682=2992

11.4     IKO's conduct and omissions described herein repeatedly occurred in IKO's trade or business and were capable of deceiving a substantial portion of the consuming pubic.

11.5     The facts concealed or not disclosed by IKO are material facts in that Plaintiffs and any reasonable consumer would have considered those facts important in deciding whether to purchase the Shingles or purchase homes or structures with roofs constructed with the Shingles. Had Plaintiffs and the Class known the Shingles were defective and would fail prematurely they would not have purchased the Shingles or they would have paid less.

11.6     IKO's unlawful conduct is continuing, with no indication that IKO will cease.

11.7     As a direct and proximate cause of IKO's violations of the CPA, described above, Plaintiffs and members of the Class have been injured in that they purchased defective Shingles that do not live up to reasonable consumer expectations and have failed, or will fail, prematurely.

11.8     As a direct and proximate result of IKO's unfair and deceptive acts and practices, Plaintiffs and the other members of the Class have and will suffer actual damages, which include without limitation, costs to inspect, repair, or replace their Shingles and other property in an amount to be determined at trial.

11.9     As a direct and proximate result of IKO's unfair and deceptive conduct Plaintiffs and the Class are entitled to injunctive relief in the form of restitution and/or disgorgement of funds paid to IKO, compensatory damages for the repair and replacement of their roofing shingles and repair of their damaged property, and exemplary (treble) damages, attorneys' fees and costs as provided by RCW 19.86 *et seq.*

## XII.  FIFTH CLAIM FOR RELIEF
### (Unjust Enrichment)

12.1     Plaintiffs incorporate by reference each of the allegations contained in the preceding paragraphs of this Complaint.

12.2     Plaintiffs and the Class conferred a benefit upon IKO by paying it for IKO Shingles.

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682-5600 • FAX 206.682=2992

12.3    IKO either knew or should have known that the payments rendered by Plaintiffs and the Class were given and received with the expectation that the IKO Shingles would perform as represented and warranted.  For IKO to retain the benefit of the payments under these circumstances is inequitable.

12.4    As a result of IKO's wrongful conduct, Plaintiffs and the Class are entitled to restitution from, and institution of, a constructive trust disgorging all profits, benefits, and other compensation obtained by IKO, plus attorneys' fees, costs, and interest thereon.

## XIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, request the Court to enter judgment against IKO, as follows:

A.    Enter an order certifying the proposed plaintiff Class, designating Plaintiffs as the named representative of the Class, and designating the undersigned as Class Counsel;

B.    Declare that IKO is financially responsible for notifying all Class members of the problems with IKO products;

C.    Enter an order enjoining IKO from further deceptive advertising, marketing, distribution, and sales practices with respect to IKO products, and requiring IKO to remove and replace Plaintiffs' and Class members' roofs with a suitable alternative roofing material of Plaintiffs' and Class members' choosing;

D.    Enter an award Plaintiffs and the Class compensatory, exemplary, and statutory damages, including interest thereon, in an amount to be proven at trial;

E.    Declare that IKO must disgorge, for the benefit of the Class, all or part of the ill-gotten profits it received from the sale of IKO materials, or order IKO to make full restitution to Plaintiffs and the members of the Class;

F.    Enter an award of attorneys' fees and costs, as allowed by law;

G.    Enter an award of pre-judgment and post-judgment interest, as provided by law;

COMPLAINT – CLASS ACTION FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION - 15
0099/002/227499.2

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682-5600 • FAX 206.682=2992

1        H.      Grant Plaintiffs and the Class leave to amend the Complaint to conform to the

2  evidence produced at trial; and

3        I.      Grant such other or further relief as may be appropriate under the circumstances.

4                  **XIV.  DEMAND FOR JURY TRIAL**

5        Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury of any and all issues

6  in this action so triable of right.

7        DATED this 26th day of June, 2009.

8                           TOUSLEY BRAIN STEPHENS PLLC

9

10                  By:   /s/ Kim D. Stephens, WSBA #11984

11                      Kim D. Stephens, WSBA #11984
                          Email:  kstephens@tousley.com

12                      Nancy A. Pacharzina, WSBA #25946
                          Email:  npacharzina@tousley.com

13                      1700 Seventh Avenue, Suite 2200
                          Seattle, Washington  98101

14                      Telephone:  (206) 682-5600
                          Facsimile:  (206) 682-2992

15

16                      Clayton D. Halunen
                      Shawn J. Wanta

17                      HALUNEN & ASSOCIATES
                      1650 IDS Center

18                      80 South Eighth Street
                      Minneapolis, Minnesota  55402

19                      Telephone:  (612) 605-4098
                      Facsimile:  (612) 605-4099

20

21                      Charles Schaffer
                      Arnold Levin

22                      LEVIN, FISHBEIN & BERMAN
                      510 Walnut Street, Suite 500

23                      Philadelphia, Pennsylvania  19106-3697
                      Telephone:  (215) 592-1500

24                      Facsimile:  (215) 592-4663

25

26

27

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682-5600 • FAX 206.682=2992

1

Robert J. Shelquist
LOCKRIDGE, GRINDAL & NAUEN, P.L.L.P.

2

100 Washington Avenue South, Suite 2200
Minneapolis, Minnesota  55401

3

Telephone:  (612) 339-6900
Facsimile:  (612) 339-0981

4

5

Michael A. McShane
AUDET & PARTNERS, LLP

6

221 Main Street, Suite 1460
San Francisco, California  94105

7

Telephone:  (415) 982-1776
Facsimile:  (415) 576-1776

8

9

*Attorneys for Plaintiffs*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

COMPLAINT – CLASS ACTION FOR DAMAGES,
INJUNCTIVE RELIEF AND RESTITUTION - 17

0099/002/227499.2